•Chief Justice Robertson,
delivered the opinion of the court.
George Case filed a bill in chancery against Jane Warner to injoin a judgment which she had obtained against him and his surety, in 1829, on a note executed by them to her in 1822, for $150 current money of Kentucky.”
He alleged that the only consideration of the note was a loan to him by her of $150 in notes of the bank of the Commonwealth; that he had made various paymentspn notes on said bank, for which he had obtained credits as for so much money. But that she had obtained a judgment for money. He insisted that the note was drawn for money inadvertently or through mistake, and that he had a right to be exonerated, by being allowed to pay the value of Commonwealth’s paper atthedate of the loan. An injunction was granted him for the difference between specie and the nominal value of the amount remaining due.
In her answer Mrs. Warner admitted the allegation of the bill as to the loan and the consideration of the note; but avered that she never claimed nor considered herself entitled to any thing but Commonwealth’s paper; that she was illiterate and supposed that the note, drawn by the defendant himself, was written according to the contract, and would not entitle her to specie; that she had demanded and that he had failed to pay her the balance due in notes of the bank of the Commonwealth; that consequently she was driven to the necessity of bringing suit on the note; but was still willing to accept notes on the bank of the Commonwealth in discharge ofher judgment, and never had desired or claimed any thing else.
On the hearing, by consent, on the bill and answer the circuit court perpetuated the injunction. Of that decree both parties now complain.
As both parties agree that the actual contract was only that the amount loaned should be paid in the kind of paper which was loaned, the chancellor could not deem the case usurious.
On a note for $150 “current “u°cby”°obH-n gee obtains a .judgment for gorTnioins on ground that consideration Commonwth’s banlc notes & that it was drawn for _ 'take, on the hearing of the case, it appears that ob-ligee was al-tcfacoe'it*11*’ Common’th’s. banknotes in discharge of had never,aby execution or otherwise, témpted toco-erce more than she was that^obligo* had never offered to pay in Commonwealth’s bank notes,decided lief ^ obligor" can obtain is the privilege of paying the amountofthe judgment m iankofthe VommonwHh.
'Davis, Mills and Brown, for Case.
And as Case never offered to pay even in notes of ^be *be Commonwealth, and has not alleged that Mrs. Warner was unwilling to accept such a payment, or that she had, by execution or otherwise, claimed or attempted to coerce any thing more than s'le Wfis justly entitled to; the utmost relief that he could claim in equity would have been a- specific execution of the admitted contract. He was evidently struggling to evade a specific execution and, so far, was struggling to obtain an unjust advantage. Mrs. Warner could not have obtained a judgment different fr°m fbsit which she did obtain: and therefore, as there was not eveu an alligation of her unwillingness to accept notes on the bank of the Commonwealth in discharge of her judgment, the chancellor would not have erred if he had dissolved the injunction and dismissed the bill. Consequently the decree which was rendered is erroneous,
But as the case must be remanded and as the plain" may no*: bound by the offer made in the answer, the chancellor may, on the return of the case, do what he might have done before he rendered his final de-cre6; to-wit, allow to Case a day for paying in court the amount actually remaining due in notes of the bank of the Commonwealth, and perpetuate the injunction, without costs, if he shall make such payment; but dissolve it with damages if he shall fail to make it. As he did not seek any such relief he would have no just cause to complain were his bill peremptorily dismissed. But under all the circumstances we deem it but equitable that he should, even yet, have an opportunity to pay Commonwealth paper, 1! J r J , ,
, , It does not appear that the amount which was not injoined has ever been collected orin what medium, ^ however that shall have been paid in specie, there is nothing in this record which cairentitle Case to any decree in relation to it.
Decree reversed and case remanded for proceed-¡DgS ancj decree according to this opinion.
As Case has no cause to complain of the decree, ¡;ie must pay ^g costs on his writ of error as well at on that prosecuted by Mrs. Warner.